FILED
97 MAY -8 AM 9:50
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
MAY - 8 1997

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

SHIRLEY ADAMS,                )
                              )
    Plaintiff,                )
                              )
v.                            )    CV96-H-2418-NE
                              )
CHAMPION INTERNATIONAL CORP., )
                              )
    Defendant.                )

## MEMORANDUM OF DECISION

Presently before the Court is the April 9, 1997 motion for summary judgment filed by defendant Champion International Corporation.  Pursuant to an Order entered April 10, 1997, the motion was deemed submitted, without oral argument, on April 25, 1997.[1]

Rather than reiterating the procedural history and undisputed facts in this case, the Court refers the reader to its Memorandum of Decision entered March 27, 1997 in connection with defendant's first motion for summary judgment.  Here, the Court will recite only a limited set of undisputed facts relevant to plaintiff's remaining claim under Ala. Code § 25-5-11.1.

Plaintiff began her employment at Champion in early November 1992.  (Plaintiff's Depo. at 14).  On November 24, 1992, she sustained an injury while working at Champion; she was using a

---

[1] Defendant supported this second motion for summary judgment with a new, third affidavit from Charles Adams and a brief. Plaintiff submitted no additional evidentiary materials, but did submit a brief in opposition to the motion for summary judgment.

mop to clean a paper roller when the mop struck her on the left wrist. (Plaintiff's Aff.). She continued to work at Champion until February 1993, when she had surgery on her left wrist. (Plaintiff's Depo. at 23). After this surgery, plaintiff returned to work in July 1993, but the pain in her left wrist prevented her from working. (Id. at 24). Plaintiff's last day on the job was July 19, 1993. (Charles Adams 3d Aff.).

Between November 1993 and April 1996, plaintiff underwent three additional surgeries on her left wrist, all of which were performed by her treating physician, Dr. Masear. (Plaintiff's Aff.). On April 1, 1996, Dr. Masear filled out a report indicating that plaintiff could not lift, carry, push, pull, twist, or perform repetitive movements with her left hand. (Id.).

Plaintiff's employment at Champion was governed by two collective bargaining agreements. (Charles Adams 2d Aff.). Under the terms of those agreements, an employee who takes a medical leave of absence is entitled to return to work within a designated time period[2] if she "is capable and qualified to perform the work." (Charles Adams 2d Aff., 1990 CBA, at 8).

On April 4, 1996, plaintiff met with Charles Adams (an

---

[2]For a job-related injury, the period is six years; for a non-job-related injury, the period is three years. The parties dispute whether plaintiff's injury was congenital or job-related, but this dispute is irrelevant. It is undisputed that plaintiff attempted to return to work in April 1996, less than three years after the beginning of her leave of absence in July 1993.

2

employee of Champion) and Joe Marshall (a union representative) to inquire about returning to work. (Plaintiff's Aff.). According to Charles Adams, plaintiff stated at that meeting (consistent with Dr. Masear's report) that she was unable to use her left hand at all in the context of work. (Charles Adams 3d Aff.). Adams wrote a memo to plaintiff dated May 28, 1996, which stated that plaintiff was not capable of performing any work she was eligible to return to. (Id.). Thus, Champion refused to allow plaintiff to return to work. It is undisputed that plaintiff did not exhaust all of the steps of the CBA's grievance procedure. (Charles Adams 3d Aff.).

Defendant argues that plaintiff's claim under § 25-5-11.1 is preempted by § 301 of the Labor-Management Relations Act, and further argues that plaintiff's failure to exhaust the grievance procedures requires dismissal of her claim. Plaintiff argues that her claim is not preempted by § 301.

This Court recently addressed the issue of preemption of workers' compensation retaliation claims in Vines v. Sloss Industries Corp., 1996 WL 806682 (N.D. Ala. Nov. 25, 1996). In Vines, as in the present case, an injured employee sought to return to work after a medical leave of absence. Id. at *2-3. The plaintiff in Vines, like plaintiff here, enjoyed a right to return to work under a collective bargaining agreement. Id. at *3.

The Court began its analysis by noting that a state-law

3

claim is preempted by § 301 only if resolution of that claim "depends upon the meaning of a collective bargaining agreement." Id. at *3 (citing Lingle v. Norge Division of Magic Chef, Inc., 486 U.S. 399, 405-06 (1988)). The Court then noted that, under § 25-5-11.1, a plaintiff is required to prove the element of proximate causation. Vines, 1996 WL 806682, at *4. Because the plaintiff in Vines was only entitled to return to work by virtue of the CBA, the Court held that proof of proximate causation would necessarily involve interpretation of the CBA. Id. at *4. Thus, the Court held that the claim was preempted. Id.

The same analysis applies here. It is undisputed that plaintiff was on a medical leave of absence and attempted to return to work under a provision of her CBA. Plaintiff's claim under § 25-5-11.1 asserts that Champion retaliated against her by refusing to allow her to return to work. Thus, like the plaintiff in Vines, plaintiff here cannot prove that Champion's action proximately caused her any damage without proving that she was "capable and qualified to perform the work," and thus entitled to return to her job under the provisions of the CBA. Because an essential elements of plaintiff's claim depends upon an interpretation of the CBA, plaintiff's claim is preempted.

Finally, as the Court noted in its March 27, 1997 Memorandum of Decision, plaintiff did not exhaust the grievance procedures available to her under the CBA. This failure to exhaust the CBA's remedies mandates dismissal of her claim. See DelCostello

4

v. International Brotherhood of Teamsters, 462 U.S. 151, 163 (1983); Redmond v. Dresser Industries, 734 F.2d 633, 635 (11th Cir. 1984).³

For the foregoing reasons, defendant's April 9, 1997 motion for summary judgment is due to be granted, and a Final Order and Judgment will be entered accordingly.

DONE this ___8th___ day of May, 1997.

_____
SENIOR UNITED STATES DISTRICT JUDGE

---

³Another reason that defendant is due summary judgment on plaintiff's retaliation claim is that the undisputed evidence in the record indicates that plaintiff was not physically capable of returning to her work, due to the complete lack of function in her left wrist. See Dr. Masear's Report, attached to plaintiff's affidavit; Charles Adams 3d Aff. Under Alabama law, an employee cannot prevail on a claim under § 25-5-11.1 unless she is physically able to perform her job. See Lambert v. Beverly Enterprises, Inc., 1997 WL 7723, at *2 (Ala. Civ. App. Jan. 10, 1997); Consolidated Stores, Inc. v. Gargis, 686 So. 2d 268, 273-74 (Ala. Civ. App. 1996).